IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| REBECCA TREACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03-2409 Ml/V |
| | ) |
| UNUM LIFE INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S MOTION IN LIMINE TO EXCLUDE THE OPINION TESTIMONY OF LINDA NEE

Before the Court is Defendant Unum Life Insurance Company of America's Motion in Limine to Exclude the Opinion Testimony of Linda Nee, filed March 15, 2005. Plaintiff responded in opposition on March 18, 2005, and filed a supplemental memorandum on March 24, 2005. Defendant filed a supplemental response on April 15, 2005. For the following reasons, Defendant's motion is GRANTED.

Defendant's motion relates to the proposed expert testimony of Linda Nee, a former employee of the Defendant, regarding the Defendant's policies and procedures with respect to certain disability claims. Defendant contends that Ms. Nee's testimony should be excluded pursuant to Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). In its supplemental memorandum, Defendant also contends that Ms. Nee's

testimony should be excluded in its entirety under Federal Rules of Evidence 401 and 403 asserting that it is irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice. Plaintiff contends that Ms. Nee's expert testimony meets the standards of Rule 702 and Daubert and should be admitted.[1]

With regard to expert testimony, Federal Rule of Evidence 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. As part of its gatekeeping function, a trial court "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Daubert, 509 U.S. at 589. In making such a determination, courts examine the qualifications of the proposed expert, the reasoning or methodology employed by the expert, and whether the expert testimony is related to an issue in the case. Id. Moreover, the

---

[1] Plaintiff also contends that the admissibility of Ms. Nee's testimony has been addressed by previous orders of this Court. However, the Court has not previously considered the specific question of whether Ms. Nee will be allowed to testify as an expert witness at trial.

2

opinion proffered must be analytically related to the underlying data and methodology. <u>General Elec. Co. v. Joiner</u>, 522 U.S. 136, 146 (1997).

When an expert is being challenged under <u>Daubert</u>, "[t]he focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." <u>Daubert</u>, 509 U.S. at 594-95. The gatekeeping function of the trial judge, as explained in <u>Daubert</u>, is not limited to scientific evidence and testimony, but also applies to "technical" and "other specialized" knowledge. <u>Kuhmo Tire Co. v. Carmichael</u>, 526 U.S. 137, 141, 147 (1999)(explaining that the obligations imposed on a trial judge by <u>Daubert</u> apply to all expert testimony).

An expert's opinion may not be based upon a subjective belief or unsupported speculation. <u>Smelser v. Norfolk Southern RR. Co.</u>, 105 F.3d 299, 303 (6th Cir. 1997)(citing <u>Daubert v. Merrell Dow Pharm., Inc.</u>, (on remand) 43 F.3d 1311, 1316 (9th Cir. 1995). <u>See also</u> <u>Glaser v. Thompson Medical Co.</u>, 32 F.3d 969, 980 (6th Cir. 1994)(Boggs, J., dissenting)(finding that "[expert] testimony must be supported by a reasonable chain of evidence, not speculation, and it is subject to the scrutiny of the trial court")(citation omitted).

The Court is not required to hold a hearing to determine whether a proposed expert's testimony meets the <u>Daubert</u> standards. <u>Nelson v. Tennessee Gas Pipeline Co.</u>, 243 F.3d 244,

3

248-49 (6th Cir. 2001)(finding no abuse of discretion by magistrate judge in not conducting hearing regarding admissibility of expert opinions). Here, the Court finds that the record before it is adequate and that no evidentiary hearing is necessary to decide the question of whether Ms. Nee's proposed expert testimony will be allowed.

Ms. Nee's relevant qualifications and opinions are set forth in two separate affidavits filed with the Court. (Pl.'s Resp. to Def. Unum Life Ins. Co. of Am.'s Mot. in Lim. To Excl. the Test. of Linda Nee, Ex. E ("Nee Aff."); Ex. A ("Supp'l. Nee Aff.").)[2] Her qualifications include being an employee of Defendant for approximately six years, from 1996 until 2002, during which time Ms. Nee received training and developed experience related to the policies and practices of the Defendant regarding certain insurance claims practices and administrative review processes. (Pl.'s Resp. to Def. Unum Life Ins. Co. of Am.'s Mot. in Lim. To Excl. the Test. of Linda Nee, Ex. E ("Nee Aff.") ¶ 4.) Ms. Nee held various positions with Defendant during her employment, including "Administrative Assistant and Compensation Specialist," "Customer Care Specialist," "Senior Customer Care Specialist," and "Lead Customer Care Specialist." (Nee Aff. ¶ 4.) Ms. Nee

---

[2] Plaintiff has not submitted an expert report with respect to Ms. Nee.

4

does not contend that she was responsible for creating or implementing any of Defendant's policies and procedures.

Ms. Nee's reasoning or methodology in this case involved applying her experience and knowledge as a former employee of Defendant and as a private insurance claim consultant to arrive at certain opinions regarding the Defendant's conduct. In forming those opinions, Ms. Nee reviewed the Plaintiff's claim file produced by Defendant, as well as Defendant's answers to certain interrogatory and document requests. (Nee Aff. ¶ 10.)

Upon reviewing Ms. Nee's affidavits, the Court finds that they contain a mixture of (1) personal knowledge regarding the Defendant's policies and procedures, and (2) speculation regarding both the significance of the alleged absence of certain documentation in Plaintiff's claim file and Defendant's motivation for taking certain actions. For example, Ms. Nee states in her affidavit that "I have reviewed the claim file produced by Defendant and it does not contain documentation of such extensive efforts which are typically made to avoid policy lapse for failure to make premium payments." (Id. ¶ 16.) Ms. Nee then opines that: "[i]t is unreasonable that UNUM's billing department would not provide follow-up for the collection of premium on such a longstanding policy." (Id. ¶ 16); "[i]t is my opinion to a reasonable degree of certainty that the Defendant chose not to follow its normal business practices that includes

5

engaging in extensive communications and other customer care options available to regain premium payments without allowing the policy to lapse as occurred in this case."(Id. ¶ 17.); "[i]t is also my opinion, based upon my knowledge and experience while working as a lead customer care specialist at UNUM at the Portland, Maine office during the period of time that UNUM allowed the Plaintiff's claim to lapse, that UNUM engaged in claims handling practices that were designed to find a way to deny valid claims." (Id. ¶ 17.); and that "[i]t is my opinion based upon my knowledge and experience while working as a lead customer care specialist at UNUM at the Portland, Maine office during the period of time that the Plaintiff was entitled to have her request for reinstatement considered that UNUM did not follow up with the Plaintiff's requests for reinstatement of her policy because UNUM knew that the Plaintiff may have a potential claim and that UNUM engaged in claims handling practices that were designed to find a way to deny valid claims." (Id. ¶ 18.)

  Plaintiff contends that Ms. Nee's education, training and experience as an employee of Defendant qualifies her to testify regarding her opinions as to the motivation behind Defendant's treatment and denial of Plaintiff's insurance claims.  The Court has reviewed Ms. Nee's *Curriculum Vitae*, her original affidavit, her supplemental affidavit (Pl.'s Resp. to Def. Unum Life Ins. Co. of Am.'s Mot. in Lim. To Excl. the Test. of Linda Nee, Ex.

6

A), as well as the parties' motions regarding the admissibility of Ms. Nee's proposed expert opinions. Having reviewed the record, the Court finds that Ms. Nee should not be permitted to offer expert testimony in this case. However, Ms. Nee may be permitted to testify regarding relevant matters within the proven extent of her personal knowledge.

With respect to the opinions asserted in her affidavits, the Court finds that those opinions are not sufficiently factually based and are not the product of the application of reliable principles and methods. See Fed. R. Evid. 702. In forming her conclusions, Ms. Nee relied upon her experience working for Defendant as well as a review of Plaintiff's claim file. However, Ms. Nee has based her opinions and conclusions on speculation as to Defendant's motivation for denying Plaintiff's claim and regarding whether and which documents were removed from Plaintiff's file. The Court finds her speculation insufficient to satisfy the requirements of Rule 702. See Smelser, 105 F.3d at 303 (finding that an expert's subjective belief or unsupported speculation will not satisfy Rule 702).

Furthermore, the Court finds that Ms. Nee's conclusions and opinions regarding Defendant's conduct, and the motivations behind it, would not "assist the trier of fact to understand the evidence or to determine a fact in issue." See Fed. R. Evid. 703. Ms. Nee's stated opinions and conclusions are more akin to a

legal argument rather than an expert opinion. While such arguments may be properly made by counsel at the appropriate time, such arguments coming from an asserted expert witness will not assist the jury in making its decisions.

Additionally, the Court finds that the speculative nature of Ms. Nee's opinions, combined with her status as a former employee of Defendant, make the probative value of her opinion testimony outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. See Fed. R. Evid. 403.

Accordingly, Ms. Nee will not be permitted to provide expert testimony in the form of opinions or conclusions regarding Defendant's policies and procedures or the motivation behind any of its decisions relevant to this case. Ms. Nee will, however, be permitted to testify regarding relevant matters within the proven extent of her personal knowledge.

So ORDERED this 19 day of April, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 232 in case 2:03-CV-02409 was distributed by fax, mail, or direct printing on April 19, 2005 to the parties listed.

---

James E. King
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

John W. Campbell
HUSCH & EPPENBERGER
200 Jefferson Ave.
Ste. 1450
Memphis, TN 38103

S. Russell Headrick
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Bradley W. Eskins
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

R. Scott Vincent
LEITNER WILLIAMS DOOLEY & NAPOLITAN-Memphis
254 Court Ave.
Second Floor
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT