IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| REBECCA H. TREACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03-2409 Ml/P |
| | ) | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

---

**REPORT AND RECOMMENDATION ON PLAINTIFF'S RENEWED MOTION
FOR SANCTIONS AND FOR MODIFICATION OF
THE COURT'S SCHEDULING ORDER AND
PLAINTIFF'S REPORT OF FACE TO FACE
MEETING CONCERNING PLAINTIFF'S RENEWED MOTION FOR SANCTIONS
AND FOR MODIFICATION OF THE COURT'S SCHEDULING ORDER AND
PLAINTIFF'S SECOND MOTION FOR SANCTIONS**

---

Before the Court is Plaintiff Rebecca H. Treace's Renewed Motion for Sanctions and for Modification of the Court's Scheduling Order, filed on January 21, 2005 (Dkt # 135), and Plaintiff's Report of Face to Face Meeting Concerning Plaintiff's Renewed Motion for Sanctions and for Modification of the Court's Scheduling Order and Plaintiff's Second Motion for Sanctions, filed March 15, 2005 (Dkt #176). Defendant Unum Life Insurance Company of America ("Unum") filed its response on April 11, 2005. The motions were referred to the United States Magistrate Judge for report and

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-1-05

249

recommendation.[1] On May 19, 2005, the Court held a hearing on the motions. Counsel for all parties were present and heard. For the reasons below, it is recommended that the motions be GRANTED in part and DENIED in part.

## I. PROPOSED FINDINGS OF FACT

This lawsuit arises from injuries suffered by Treace as a result of an automobile accident on March 9, 1999, and Unum's subsequent denial of her disability insurance claim. On April 9, 2003, Treace filed a complaint in the Circuit Court of Shelby County against Unum, alleging breach of contract in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. 47-18-104 et seq., statutory bad faith in violation of Tenn. Code Ann. 56-7-105 et seq., and misrepresentation. The case was removed to federal court on May 30, 2003. Treace alleges in her complaint that she paid her insurance premiums to Unum for seventeen years on two disability insurance policies, but that after her automobile accident, Unum refused to pay her disability benefits. She also claims that Unum wrongfully cancelled her policy because of a late premium payment in October 1999 and refused to honor her request for a premium waiver. Unum maintains that it properly denied Treace's disability claim because she failed to satisfy the ninety-day elimination period and that she failed to pay premiums timely.

---

[1]On April 22, 2005, this case was reassigned to this Magistrate Judge.

During discovery, Treace propounded interrogatories and document requests on Unum. Dissatisfied with Unum's responses to some her discovery requests, on June 25, 2004, Treace filed a motion to compel. Unum responded by filing a motion for protective order. On August 11, 2004, Magistrate Judge Diane Vescovo granted in part each motion.

After engaging in further discovery, Treace filed a motion for sanctions, alleging that Unum failed to provide discovery as required by the court's August 11 order and that Unum engaged in various other discovery abuses. The Court denied that motion without prejudice based on Treace's failure to consult with Unum prior to filing the motion. Treace renewed her motion after her attorney attempted, but failed, to contact the opposing party. The Court, again, denied the motion without prejudice, and ordered that the parties engage in a face-to-face meeting to discuss this motion. The parties met in February 2005, but were unable to resolve their discovery disputes. Trial is set for July 18, 2005.

In her motion for sanctions, Treace argues that Unum has abused the discovery process, particularly with respect to four discovery matters: (A) a telephone log documenting the date and time of each call placed by Treace to Unum's call center during the time period that she claims she called Unum to discuss her claim and to ask for a premium waiver; (B) guidelines and policies

concerning the acceptance of premium payments by customers and procedures concerning reinstatement procedures; (C) Unum's production of Treace's claim file; and (D) a Rule 30(b)(6) deposition.

A.  Telephone Log

On September 19, 2003, Treace propounded interrogatories and requests for production of documents on Unum. Unum served its responses on November 3, 2003, and after consultation with opposing counsel, Unum supplemented its responses on February 18, 2004. The following three interrogatories and requests for production relate to a telephone log registering data of each call placed by Treace to Unum's call center:

> **INTERROGATORY NO. 4:** Please identify any and all employees, agents and assigns of Unum who participated in any way with the application for and subsequent administration of the Unum policy and the claim of Treace, and as to each state their title, position, and a brief job description.
>
> **RESPONSE:** Pursuant to Rule 33(d), the defendant refers plaintiff to the non-privileged portions of the claim file, application file, specimen policy, and the defendant's Rule 26 Disclosures, which have been provided.
>
> **INTERROGATORY NO. 10:** Please provide the names of any and all individuals employed or who were authorized by Unum who spoke with Treace concerning the claim submitted by Treace on the policies and the dates the conversations took place and the substance of the conversations.
>
> **RESPONSE:** Defendant objects to the Interrogatory on the grounds that it is overly broad, ambiguous and potentially seeks information protected by the attorney-

-4-

client privilege and/or work product doctrine. Without waiving and subject to said objections and pursuant to Rule 33(d), the defendant refers plaintiff to the non-privileged portions of the claim file, which has been provided.

**DOCUMENT REQUEST NO. 5:** Please provide any and all tapes, transcripts of tapes, phone logs or notes or other documentation confirming any telephone conversations between Treace and any employee or authorized agent of UNUM from March 1999 to the present.

**SUPPLEMENTAL RESPONSE:** There are no tapes or transcripts of tapes in the possession of UNUM. The defendant states any phone logs or notes or other documentation confirming any telephone conversations between Treace and any employee or authorized agent of UNUM from March 1999 to the present would be located in the plaintiff's claim file, which is a written, detailed, chronological account of the plaintiff's claim, which has been provided.

Treace believed that Unum's responses to these discovery request were inadequate, and as a result, she filed a motion to compel on June 25, 2004. Treace challenged Unum's responses to interrogatory numbers 4 and 10 and document request number 5 because Unum failed to produce any telephone logs of calls made by Treace to Unum's call center. In support of her motion, Treace submitted an affidavit from Linda Nee, a former Unum employee. Nee states in her affidavit that Unum has a "computerized database that tracks every activity taken on a claim" and that "[e]ach and every phone call and activity is . . . to be recorded in this log." (Affidavit of Linda Nee at ¶ 10.) Nee states that after reviewing the documents produced by Unum in discovery, the computerized activity phone log was noticeably missing. (Id.) Judge Vescovo

granted Treace's motion with respect to the phone logs, and ordered Unum to "produce the computerized activity log pertaining to Treace's claim or to supplement its response to state under oath that no computerized activity log exists." (8/11/04 order)

On August 25, 2004, Unum appealed Judge Vescovo's order to the District Judge. In response, Treace outlined the method by which the computerized telephone log is created at Unum, and she attached a sample telephone log report believed to have been generated by the Unum call center. (See Treace's Memorandum in Opposition to Unum's Appeal of Judge Vescovo's Order.)  Unum replied that Treace's sample telephone log

> purports to be a listing of all telephone numbers from which calls are placed to Unum's benefits center on a given day. That is an entirely different thing than, as Treace requested in her discovery and complains about in her papers, a computer generated claim specific log that is kept in the normal course of business in individual disability claim files like Treace's.

(Unum's Reply, filed October 7, 2004.) The appeal was denied on October 21, 2004. Thereafter, in compliance with the August 11 order, Unum responded to Treace's discovery request by stating, "Unum does not maintain a computerized activity log that tracks every activity taken on a claim. Accordingly, it cannot produce such a document with respect to plaintiff." (Unum's Supplemental Response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents.)

In the present motion, Treace argues that contrary to Unum's

-6-

representation to Treace and to the court that it does not have a computerized phone log, Unum in fact has such a log, as evidenced by the declaration of Denise Payne Cole, a Systems Analyst of UnumProvident Corporation's Voice Communications Department. The declaration was attached to Unum's opposition to Treace's motion for summary judgment. In her declaration, Payne states that MCI, Unum's telephone carrier, sends to Unum on a CD-ROM a monthly invoice for each of Unum's toll-free telephone lines. The invoice lists the telephone number of the caller, the time the call was placed to the call center, and the duration of the call. Payne also states that Unum saves this telephone information for each invoice onto its internal SQL server database for one year. After one year, Unum archives this information, although the information remains accessible. Treace contends that this is precisely the information that she sought in her discovery requests, and that Unum provided the information only to serve its own interests in response to a summary judgment motion. She claims that the log should have been disclosed prior to the close of discovery, and certainly should have been produced in compliance with the August 11 order.

Unum argues that these "logs" are merely telephone bills that Unum uses to negotiate future telephone contracts with its long-distance carrier. At the motion hearing, Unum's counsel stated, "What Plaintiff was after, at least in his [sic] discovery

requests, were logs that confirmed conversations with Treace, not that record the fact that Treace made a call and therefore negate the existence of a phone call." Unum stands by its prior statement that it has no computerized phone activity log as contemplated in Treace's document request number 5 and the August 11 order.[2]

This Court submits that Unum should have produced these phone records, which are kept by Unum in computerized format, in response to Treace's original discovery requests. If there was any ambiguity in the wording and intent of document request number 5 for "phone logs," it was certainly made clear by Judge Vescovo's August 11 order that Treace was seeking even the most basic telephone information, such as the date and time she called Unum and the duration of the call. Moreover, in her response to Unum's appeal of the August 11 order, Treace attached a sample of the type of information that she was requesting. Unum should have provided Treace with this information in compliance with Judge Vescovo's order. Its failure to do so constitutes a violation of that order and the discovery rules.

B. Guidelines, Policies, and Procedures of Unum

In her September 2003 document request, Treace requested the following:

**REQUEST NO. 8:** Please provide a copy of any and all

---

[2]Apparently, Unum keeps an internal computerized activity log for group policy holders but not for individual policy holders, such as Treace.

applicable Unum guidelines, policies, or procedures concerning the acceptance of premium payments by customer and procedures concerning reinstatement of policies.

**SUPPLEMENTAL RESPONSE:** Defendant Life objects to this Request on the grounds that: (1) it is overly broad in time and scope; (2) it seeks documents that are not relevant to any claim or defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence; and (3) it seeks documents that are confidential and proprietary. Without waiving said objections, the Defendant states that the language in each insurance policy is approved and in some cases dictated by the Departments of Insurance of each state in which the policy is sold. The language speaks for itself and is conclusively presumed to be unambiguous and in compliance with the laws of the state of Tennessee. Please refer to the specimen policy which is produced.

Treace filed a motion to compel production of guidelines Unum used in deciding that Treace's policy lapsed for non-payment of premiums. Treace specifically highlighted Unum's Risk Management Reference Guide ("RIMARE"), which allegedly contained information regarding the waiver of premium payments during the months that disability benefits are payable. Additionally, Linda Nee's affidavit describes guidelines maintained by Unum concerning the acceptance of premium payments, actions to be taken by billing personnel when a payment is rejected, grace periods, collection of lapsed premiums, and premium waivers.

In response, Unum claimed that the RIMARE only applied to group disability policies and not individual policies such as Treace's. Unum also filed a motion for protective order, in which it stated, "Unum has agreed to produce its Claims Handling Manual which contains Unum's policies and procedures for handling

claims. . . . This document, along, with Treace's claim file and policy, are all the relevant documents responsive to Request 8."

Ultimately, the Court ordered Unum "to produce the RIMARE in order for Treace to verify its applicability and to produce the guidelines described by Nee." Pursuant to this order, Unum produced the RIMARE, the "World of I.D. Benefits," and the Customer Care Center Claims Manual. At that time, it also stated that it was continuing to look through its files to make sure that it had produced everything required by the Court. Treace now argues that Unum should have produced the World of I.D. Benefits instead of stating that all documents responsive to Request 8 were produced. Unum refutes this by stating that the "World of I.D. Benefits was not used or consulted in making determinations regarding Ms. Treace's claim for benefits."

Additionally, Treace takes issue with the subsequent production of related materials during a Rule 30(b)(6) deposition of Unum on November 19, 2004. One such document was a page taken from Unum's Individual Disability Guidelines Manual. Treace contends these materials should have been produced in response to the initial discovery, but Unum asserts that the production of these documents was consistent with Judge Vescovo's order.

The Court submits that, although production of these documents perhaps could have been completed in a more expeditious manner by Unum, Unum's actions did not violate Judge Vescovo's order nor does

its conduct amount to an abuse of discovery.³

C.   Unum's File Concerning Treace

In her initial discovery request, Treace made the following request:

> **REQUEST NO. 7:** Please provide a complete copy of any file maintained by Unum which in any way relates to plaintiff whether maintained by paper format or electronic means.
>
> **SUPPLEMENTAL RESPONSE:** A non-privileged copy of the Plaintiff's claim file, application file and policy have been produced.

Although Unum initially indicated that it produced its entire file on Treace, it subsequently supplemented its document production several times. On August 17, 2004, Unum produced the underwriting files that were not previously disclosed. Then, on October 7, 2004, Unum produced documents relating to Treace dated from 1993 to the present, but this production occurred only after Treace submitted a memorandum to the Court stating that Unum had produced no documents dated later than 1994. Treace suggests that Unum was hiding these documents and would have continued to hide them if she had not called attention to the lack of disclosure to the Court. Unum responds by arguing that its failure to disclose these documents was inadvertent, and that it should not be faulted for

---

³At the May 19 motion hearing, Unum agreed to allow Treace to review the entire copy of the relevant manuals and policies, so long as she agreed to enter into a protective order. Unum stated that it would make these manuals and policies available within the next few days.

-11-

complying with Rule 26's supplemental disclosure requirement by turning over documents after discovering them. A third instance of production occurred at the Rule 30(b)(6) deposition of Unum. Unum, however, contends that some of the documents produced at the deposition had already been produced to Treace. As to the other documents that had not previously been produced, it is Unum's position that these documents contained the same type of information that had already been produced in other discovery documents.

It is submitted that, based on the record before the court, Treace has not sufficiently demonstrated that Unum has withheld documents in her claim file during discovery or that it has continued to withhold documents. Unum has supplemented its production, as required by Rule 26. Although Treace contends that there are two or three letters that she knows are missing from the documents produced by Unum, Unum has repeatedly stated under oath that it has conducted a diligent search for documents related to Treace, and that all such documents have been produced. The Court submits that sanctions are not warranted with respect to Unum's production of Treace's claims file.

D.   Rule 30(b)(6) Deposition

Lastly, Treace takes issue with Unum's selection of its Rule 30(b)(6) designee. She contends that she listed several topics in her 30(b)(6) notice to be discussed at the deposition, and Unum

failed to produce an individual with knowledge on those topics. Specifically, these topics included Unum's file concerning Treace, the method of tracking and recording phone calls through the call center, method of recording payments, and the claims handling practices implemented by Ralph Mohney, a high-level official at Unum. In her motion, Treace asks the court to modify the scheduling order to allow her to depose Ralph Mohney and Tim Arnold, both of whom Treace asserts have relevant information about Unum's "philosophy" or policy of aggressively denying insurance claims.

Unum responds by claiming that the 30(b)(6) witnesses were knowledgeable on the noticed topics, but that Treace's counsel failed to ask questions on those topics. It argues that the 30(b)(6) deposition notice did not include claims handling philosophy implemented by Mohney when he joined the company, and that if Treace's counsel would have limited the questioning to claims handling procedures of Unum during the relevant time period, the witnesses could have responded to such questions. As to the abundance of objections, counsel for Unum asserts that he was doing his job by objecting to improper questions. Finally, Unum contends that if Treace wanted to ask questions about Ralph Mohney's claims handling philosophy, she should have deposed him before the

discovery deadline.[4]

It is submitted that Unum properly produced individuals who had knowledge of the topics contained in Treace's 30(b)(6) notice. Unum claims, and the court agrees based on the record before it, that the designees were prepared to answer questions relating to the topics listed in the 30(b)(6) notice. Treace was aware prior to the deposition that neither Ralph Mohney nor Tim Arnold were going to be Unum's designees. Therefore, if Treace wanted to cover topics relating to Mohney's "philosophy," she should have sought to depose Mohney or Arnold.

## II. PROPOSED CONCLUSIONS OF LAW

Treace contends that Unum's failure to provide the telephone log, all applicable guidelines, all documents in its file relating to Treace, and to properly designate 30(b)(6) witnesses, constitutes sanctionable conduct under Rule 37. She asks for a litany of sanctions, including (1) default judgment in her favor; (2) precluding Unum from introducing any evidence on its guidelines and policies at trial; (3) prohibiting Unum from introducing any business records supporting the fact that Treace did not make any telephone calls to Unum either to report her claim or to request a waiver of premium; (4) instructing the jury about Unum's

---

[4]Treace's counsel stated that he did not notice Mohney for a deposition because he thought he would be able to get the information during the 30(b)(6) deposition, thus minimizing litigation costs.

-14-

misrepresentations during discovery; (5) modifying the scheduling order to allow Treace to retain the services of an economist to inform the jury of the present value of the future disability benefits and to name an additional expert to opine as to Unum's business practices; (6) permitting Treace to depose Mohney and Arnold;[5] (7) and awarding attorneys fees and expenses incurred as a result of the discovery violations.

Federal Rule of Civil Procedure 37 provides for sanctions against parties who abuse discovery and violate discovery orders. Paragraphs (b) and (c) to Rule 37 list several sanctions that courts may impose against offending parties, including, among other things, dismissing the case and awarding attorney's fees and expenses.

The Sixth Circuit recognizes that the sanction of dismissal should be used as a last resort. Beil v. Lakewood Eng'g and Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994). It has established certain factors a court should consider when determining if dismissal of a case is appropriate under Rule 37(b). See Sexton v. Uniroyal Chem. Co., Inc., 62 Fed.Appx. 615, 618 n.2 (6th Cir. 2003); Reg'l Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154-55 (6th Cir. 1988). These factors include (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted

---

[5] Treace also requested to depose Leanne Holmes and Lisa Hyde, but the parties have informed the Court that an agreement has been reached on this issue.

-15-

from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. See Sexton, 62 Fed.Appx. at 618.

In the present case, the court submits that the only conduct that warrants an imposition of any type of sanctions is Unum's failure to timely produce its telephone log as required by the August 11 order. However, it is submitted that Unum's actions do not warrant the extreme sanction of dismissal. The court submits that less drastic sanctions are available and Unum has not been previously warned in this case that its conduct could result in dismissal or some other extreme sanction.[6] Moreover, there is insufficient evidence to support a finding that Unum acted in bad faith with respect to the late disclosure of the phone log or other discovery documents. Therefore, extreme sanctions are not appropriate.

Although the sanction of exclusion of evidence is considered to be less severe than dismissing a case, see Roskam Baking Co. v. Lanham Mach. Co., Inc., 71 F.Supp.2d 736, 749 (W.D. Mich. 1999), it

---

[6] The Court is aware of the cases cited by Treace, which she argues reveal that Unum has been sanctioned for similar conduct in other cases. Those cases are inapplicable to the present case. In Frederick v. Unum Life Ins. Co. of America, 180 F.R.D. 384, 385 (D. Mont. 1998), the court was concerned with Unum's Guide for Outside Counsel, which is not at issue in this case. In Paull v. First Unum Life Ins. Co., 267 A.D.2d 970 (N.Y. App. Div. 1999), the court concluded that Unum's "discovery responses constitute deliberate and contumacious disregard" for a previous court order. The Paull court did not provide any background or analysis other than that one sentence, however.

also is considered a harsh sanction. See K.M.C. Co., Inc. v. Irving Trust Co., 757 F.2d 752, 765 (6th Cir. 1985). Exclusion of relevant evidence defeats "the truth-seeking function of trial." Bowling v. Vose, 3 F.3d 559, 562 (1st Cir. 1993). Thus, it should only be used when other, lesser sanctions are inadequate to remedy the offensive actions. Sanctions should be proportional to the improper conduct. See Fed. R. Civ. Pro. 37; United States v. Golden Elevator, Inc., 27 F.3d 301, 303 (7th Cir. 1994).

As stated earlier, it is hard to find ambiguity in Treace's original discovery request for phone logs, but even so, Judge Vescovo's order, Nee's affidavit, and Treace's sample log certainly should have made it clear to Unum that she wanted information about the existence of calls she made to Unum's call center. That log, and the information therein, falls squarely under document request number 5 and the August 11 order.

Treace's proposed sanction that directly addresses Unum's failure to timely produce the telephone log would be for the Court to preclude Unum from introducing any business records supporting the fact that Treace did not make any telephone calls to Unum either to report her claim or to request a waiver of premium. There are at least two reasons why this sanction is not appropriate in this case. First, as mentioned earlier, there is a general preference to admitting evidence at trial as opposed to excluding it. See, e.g., Shanklin v. Norfolk Southern Ry. Co., 369 F.3d 978, 989 n.7 (6th Cir. 2004). Second, practical problems during trial

would likely arise with respect to administering this evidentiary sanction.[7] The court submits that a more appropriate sanction would be to grant Treace's request to modify the scheduling order to allow Treace to conduct additional discovery for a sixty-day period on the issues surrounding the telephone calls placed by Treace and to allow Treace to issue third-party subpoenas, if necessary.[8] Additionally, Treace should be permitted during this sixty-day discovery period to disclose any additional experts, and furthermore to depose Mohney and Arnold. The Court submits that allowing Treace to engage in additional discovery and disclose additional experts are appropriate sanctions under the circumstances.

All other proposed sanctions are either disproportionate to the sanctionable conduct or not tailored to address the conduct.

### III.   RECOMMENDATION

It is therefore recommended that the Court modify the scheduling order to allow Treace to conduct additional discovery within a sixty-day period on the issues surrounding the telephone calls placed by Treace to Unum's call center and to allow Treace to issue third-party subpoenas regarding the telephone calls, if necessary. Additionally, it is recommended that Treace be

---

[7] For example, problems may arise as to what extent Unum could cross-examine Treace if she were to testify that she called Unum's toll-free line several times.

[8] The Court notes that the modified scheduling order proposed in this Report and Recommendation would require that the current trial date of July 18, 2005 be continued.

permitted to disclose additional experts and be allowed to depose Mohney and Arnold during this sixty-day period.

Unum shall be permitted to disclose its rebuttal experts thirty days after Treace's expert disclosures, and expert depositions shall be completed within thirty days after Unum's experts are disclosed. To the extent Treace has asked for other sanctions, it is recommended that those requests for sanctions be denied.

Respectfully submitted this 27th day of May 2005.

/s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge


## NOTICE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 249 in case 2:03-CV-02409 was distributed by fax, mail, or direct printing on June 1, 2005 to the parties listed.

---

R. Scott Vincent
LEITNER WILLIAMS DOOLEY & NAPOLITAN-Memphis
254 Court Ave.
Second Floor
Memphis, TN 38103

John W. Campbell
HUSCH & EPPENBERGER
200 Jefferson Ave.
Ste. 1450
Memphis, TN 38103

James E. King
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

Bradley W. Eskins
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

S. Russell Headrick
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT