FILED BY _____ D.C.

05 DEC -1 AM 8: 20

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| REBECCA H. TREACE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 03-2409 Ml/P |
| | ) |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

## ORDER DENYING MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT MOTION

Before the Court is Defendant's Motion for Reconsideration of its Summary Judgment Motion, filed November 10, 2005. Plaintiff responded in opposition on November 21, 2005. The Court construes Defendant's motion as a motion under Fed. R. Civ. P. 60(b). Defendant, as the party seeking relief, "must show that its case comes within the provisions of the rule." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993)(citation omitted).

Under Rule 60(b)(1), a party may seek reconsideration for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Deciding a Rule 60(b)(1) motion "is a matter addressed to the sound discretion of the trial court . . . ." Lewis, 987 F.2d at 396. A party may utilize Rule 60(b)(1) to ask the court to reconsider legal error. Dole v. Zeta

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-1-05

370

Enterprises, Inc., 940 F.2d 659 (6th Cir. 1991)(citations omitted).

A litigant may also seek reconsideration under Rule 60(b)(6); however, the Sixth Circuit holds that this clause should apply "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990)(citations omitted); see also Ackermann v. United States, 340 U.S. 193 (1950). The rule may only be invoked where "unusual and extreme situations where principles of equity mandate relief." Id. (emphasis in original).

Defendant has not met the standard for reconsideration under either section of Rule 60(b). Here, the "facts [do] not warrant relief from judgment and . . . the motion impermissibly [seeks] to rehash the underlying judgment," both of which are valid reasons to deny a Rule 60(b) motion. See Blachy v. Butcher, 129 Fed. Appx. 173, 179 n.5 (6th Cir. 2005)(citations omitted).

Accordingly, Defendant's motion is DENIED.

So ORDERED this 30 day of November, 2005.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 370 in case 2:03-CV-02409 was distributed by fax, mail, or direct printing on December 1, 2005 to the parties listed.

---

Leigh McDaniel Chiles
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

John W. Campbell
HUSCH & EPPENBERGER
200 Jefferson Ave.
Ste. 1450
Memphis, TN 38103

R. Scott Vincent
LEITNER WILLIAMS DOOLEY & NAPOLITAN-Memphis
254 Court Ave.
Second Floor
Memphis, TN 38103

S. Russell Headrick
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

James E. King
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

Bradley W. Eskins
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT